## HELMS v. GOODWILL, appellant.

*Attorney and client — when the relation is not such — attorney's compensation when acting as broker.*

One H. applied to an attorney to assist him in raising money. The attorney obtained a loan for H. by pledging his own personal credit. *Held*, that the transaction was not one between attorney and client, and the attorney had a right to stipulate for a fair compensation for the responsibility incurred, and the services rendered the same as any other person.

APPEAL from a judgment in favor of plaintiff in an action tried before the court at special term. The action was brought in Cattaraugus county by Mortimer A. Helms against Johnson V. Goodwill, to obtain relief against certain conveyances alleged to be made to defendant in fraud of plaintiff's right.

In 1868, one Albert Helms was equitable owner of about thirty acres of land in Randolph, Cattaraugus county. The executors of the will of Benjamin Chamberlain, deceased, held the legal title and began an action to foreclose the contract of purchase under which said Helms held said land, and also an action to recover of said Helms the value of a span of horses. Said Helms retained the defendant and his law partner Jenkins, composing the law firm of Jenkins & Goodwill, to defend each of said actions, and said firm of Jenkins & Goodwill appeared for said Helms in said actions and conducted the defense thereof. Afterward, and while said actions were pending said Helms and said executors had an accounting and agreed upon a sum which, if paid, the executors would receive in settlement of said actions and would deed the said lands to Helms. Helms then assigned to his attorney, the defendant, his contract of purchase of said land, and defendant took a deed of land from the executors under said contract and paid the executors the amount agreed upon between them and Helms. Defendant went into the possession of one and one-half acres of said land, built himself a house thereon and occupied the same. Defendant executed a mortgage upon the remainder of said land in the sum of $2,500, which amount he realized thereon, out of which he paid the sum agreed to be due said executors and other liabilities and debts of Helms amounting in the aggregate to $2,300.

The mortgage given by defendant upon said premises was not paid at maturity but was foreclosed, and said premises, except the

one and one-half acres of land occupied by defendant, sold thereupon.

Upon the tr al, the court found that at the time defendant took the assignment of said contracts from Helms he agreed to take a conveyance of said lands from the executors and hold them in trust for Helms; to give his bond and mortgage upon them to procure the money to pay off the executors, lay them out into village lots, sell lots sufficient to pay off said mortgage and convey the remainder of the land to Helms, and for his said services and in consideration that he should build a house thereon, and for $100 it was agreed that defendant should have one and one-half acres of said land. The court found that the defendant did not lay out the land into lots, did not sell lots or pay any thing on the mortgage, and that, at the time of making such agreement, defendant was the attorney of Helms in said action and about said property. That before the commencement of the action, Helms assigned his claims to plaintiff.

The court found as conclusions of law that defendant should pay plaintiff the value of the said one and one-half acres of land, first applying thereon the $100 already paid, and also the $200 received by the defendant upon the mortgage.

*Goodwill & Stevens,* for appellant.

*James G. Johnson,* for respondent.

E. DARWIN SMITH, J. The decision of the learned judge who tried the cause upon the whole case carries out the doctrine that the relations between attorneys and their clients are to be watched by the court with great care and strictness, to see that no undue advantage has been taken by the attorney or any abuse of confidence or unfairness practiced by him upon his client in their business transactions.

While this is just and proper, there is danger on the other hand that injustice may be done to the attorneys. They have the same rights to trade, deal, bargain and contract as other men, and they may deal with their clients as other men, when they do so openly and above board and without fraud, deceit or any kind of imposition arising from their relations as attorneys or the confidence reposed in them in that respect.

When Helms applied to the defendant to assist him to borrow money to pay the incumbrance upon his land, so as to enable him

to pay his deed and receive the title therefor, the application was scarcely addressed to him in the line of professional employment. The defendant was asked to do rather the office of a broker than that of an attorney, and when the defendant, upon the urgent importunities of Helms, and as possibly his only expedient and resort to raise the requisite money for the purpose aforesaid, was finally induced to borrow such money on his own personal credit and to incur a legal obligation to repay the same, he did more than belonged to him in his mere relation of attorney to said Helms and had a right to stipulate for a fair compensation for the labor and services rendered and the responsibility incurred in that respect as much as any other man.

This consideration, we think, the learned judge at the trial overlooked in refusing to find, as requested at the close of the trial by the defendant's counsel, " that the defendant was entitled to compensation for his services in signing and executing the bond and mortgage for Helms' benefit, and should be credited in this action therefor," and also in refusing to find and decide " that the defendant was entitled to compensation for building his house under the agreement with Helms, and that he should be credited in this action for the benefit said Helms received," and in the view of the case taken by the learned judge and in respect to the theory or ground upon which he put his decision, he erred, we think, also in refusing to find and decide that the defendant was entitled to be credited in this action for his services in trying to sell lots, whatever such services were worth.

If the defendant were not entitled to retain and hold the lot upon which he had erected his house as and for his stipulated compensation for the services rendered in negotiating the loans of money to save said lot of land for Helms, including the giving of his personal obligation to secure the payment of such money and his services in selling and deeding the lots, and assistance and advice and services rendered in the management of said property — then he was entitled to be paid for such services as upon a *quantum meruit* as much as any broker, agent or other employee rendering like services.

As these considerations, we think, were obviously overlooked or not duly considered upon the request, as above stated, and in the decision of said cause, we think that error occurred on the trial for which judgment should be reversed and a new trial granted.

*Judgment reversed and new trial granted.*